IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STAR INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOE HUDSON | ) No. 22-cv-5056 |
| and | ) |
| JOPLIN REGIONAL STOCKYARDS, INC. | ) |
| Defendants. | ) |

**COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Star Insurance Company ("Star") by and through counsel, states and alleges as follows for its Complaint for Declaratory Judgment and Injunctive Relief:

**OVERVIEW**

1. Plaintiff seeks this Court's declaration that Mr. Hudson may not execute on a judgment lien or related deed of trust, both of which are described further below, without first obtaining a judicial declaration finding that any amounts sought from Star or Joplin Regional Stockyards, Inc. ("JRS") – upon which any such execution would be premised – fall within the scope of his workers' compensation settlement as memorialized in the judgment entered in Jasper County, Missouri, case number 13AO-CC00011 (the "Work Comp Lawsuit"). Alternatively, Plaintiff requests entry of an injunction providing the same relief.

2. As set forth more fully below, Mr. Hudson is the holder of a judgment lien and related deed of trust. He has utilized the judgment lien and deed of trust to improperly and extra-judicially coerce Star to make payments to Mr. Hudson without proper evidence to support such payments. Star has been attempting to resolve the issue without Court involvement for several

years but Mr. Hudson's conduct already has led to collateral litigation, and will continue to cause unnecessary, ongoing issues between the parties absent relief from this Court.

## PARTIES, JURISDICTION, AND VENUE

3. Star is a Michigan insurance company with its principal place of business in Michigan, and licensed to conduct business in the State of Missouri. Star is a citizen of Michigan for the purposes of diversity jurisdiction.

4. JRS is a Missouri company with its principal place of business in Carthage, Missouri. JRS is a citizen of Missouri for the purposes of diversity jurisdiction.

5. Mr. Hudson is a citizen of Missouri residing in Barry County, Missouri.

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between plaintiff and the two defendants and the amount in controversy exceeds $75,000 exclusive of costs and fees.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and both defendants reside in this jurisdiction.

## BACKGROUND

8. Mr. Hudson was injured in the course and scope of his employment with JRS more than 20 years ago, on January 27, 2002.

9. Mr. Hudson filed a workers compensation claim, injury number 02-007703, which was settled by compromise settlement (the "Settlement") and approved by an administrative law judge on October 3, 2005. A copy of the Workers Compensation Settlement is attached as Exhibit A.

10. The Settlement states in paragraph 9: "The parties agree that future medical for left ankle problems directly related to this injury remains open and that **employer/insurer will provide same subject to their authorization and control**." Ex. A (emphasis added).

11. On August 3, 2011, Mr. Hudson underwent a procedure to amputate his left leg above the knee.

12. Almost 10 years ago, on January 9, 2013, Mr. Hudson filed a petition for entry of judgment against JRS pursuant to the Settlement in Jasper County, Missouri, which suit previously is identified herein as the Work Comp Lawsuit.

13. On January 17, 2013, the court entered judgment against JRS in the Work Comp Lawsuit (the "Judgment"). The Judgment was not for any sum certain but, rather, expressly incorporated the terms of the Settlement, including the language referenced above in Paragraph 10. A copy of the Judgment is attached as Exhibit B.

14. The Judgment resulted in a judgment lien in Mr. Hudson's favor against JRS property in Jasper County, Missouri (the "Judgment Lien").

15. On September 19, 2013, Mr. Hudson filed a petition for equitable garnishment against JRS and Star in Jasper County, Missouri, case number 13AP-CC00054 (the "Garnishment Action"), to recover unpaid medical expenses for Mr. Hudson's left leg amputation procedure.

16. After receiving payment from Star, Mr. Hudson voluntarily dismissed the Garnishment Action on November 6, 2013. However, the Judgment and resulting Judgment Lien were not released at that time.

17. In contrast with his approach in 2013, since that original equitable garnishment suit, when Mr. Hudson has had disputes concerning payments under the Judgment, he has not

filed an equitable garnishment suit against Star, but rather engaged in the conduct described below.

18. Specifically, in an unrelated later business endeavor, JRS was unable to procure financing from a third party due to the Judgment Lien creating a priority security interest in Mr. Hudson's favor on JRS's property.

19. In order for JRS to obtain the financing, JRS's owner provided Mr. Hudson with a Deed of Trust on real property as substitute collateral for Mr. Hudson's security interest in the property subject to the Judgment Lien. A copy of the Deed of Trust is attached as Exhibit C.

20. In connection with the same transaction, JRS also entered into a subordination agreement with Mr. Hudson to subordinate Mr. Hudson's security interest in the JRS property subject to the Judgment Lien. A copy of the subordination agreement is attached as Exhibit D.

21. The subordination agreement states that "[Mr. Hudson] and JRS agree that payment of future medical expense related to the work injury will continue to be provided by [Star] and/or JRS *subject to their authorization and control*." Ex. D (emphasis added).

22. Had Mr. Hudson proceeded under the equitable garnishment statute – as he did in 2013 – if and when a dispute arose concerning payment under the Judgment, this action would not have become necessary.

23. However, and despite the provisions of the Settlement, Judgment, and subordination agreement which provide that Plaintiff has the right to authorize and control the payment of Mr. Hudson's future medical expenses, for the past several years when Mr. Hudson has had a dispute concerning payment, he threatens to proceed against the Deed of Trust on JRS's owner's property to unfairly pressure JRS to then pressure Star to pay *any* claim Mr.

4

Hudson might file, regardless of sufficiency of the materials that Mr. Hudson has submitted to support the claim in question and regardless of the status of Plaintiff's review of the same.

24. Mr. Hudson has submitted claims without sufficient documentation on numerous occasions.

25. Star has been, and will continue to be, unable to review and evaluate or deny Mr. Hudson's claims for inadequate or improper documentation without inviting collateral litigation or threats of foreclosure against the personal property of its insured based on the Judgment and Deed of Trust.

26. Mr. Hudson's conduct as described above already has resulted in litigation between Star and JRS in Jasper County, Missouri case number 18AP-CC00004 which suit remains pending, and will lead to further disputes between the parties absent relief from this Court.

27. In essence, Mr. Hudson's conduct has eliminated Star's right to "authorization and control" with respect to Mr. Hudson's claims and jeopardized the rights of a non-party.

## COUNT I – DECLARATORY RELIEF

28. Plaintiff incorporates the preceding paragraphs.

29. Plaintiff seeks a declaration that Mr. Hudson may not execute on the Judgment or Deed of Trust without first obtaining a judicial declaration finding that any amounts sought from Star or JRS fall within the scope of his workers' compensation settlement, and specifically that Star has had the opportunity to exercise its authority and control as provided for in the Settlement and Judgment.

30. Plaintiff lacks an adequate remedy at law because, in the absence of declaratory relief, Star is uncertain of its rights and remedies as provided in the Judgment "to authorize and control payments" when confronted with claims lacking proper support.

31. Plaintiff lacks an adequate remedy at law because, in the absence of declaratory relief, Star is uncertain of whether and how it is required to review and pay claims submitted by Mr. Hudson with inadequate or insufficient support.

32. Plaintiff also lacks an adequate remedy at law because, in the absence of declaratory relief, Plaintiff's insured, JRS, is unable to conduct regular business operations due to the lien created by the Judgment and the uncertainty concerning the handling of Mr. Hudson's claims.

33. Plaintiff also lacks an adequate remedy at law because, in the absence of declaratory relief, Mr. Hudson can continue his present course of action and unduly burden Plaintiff with threats and inadequate, unsupported claim submissions, and no judicial forum has the ability to adjudicate the rights of all three parties.

34. Plaintiff also lacks an adequate remedy at law because, in the absence of declaratory relief, Mr. Hudson can continue to cause issues between the parties which will result in additional litigation.

35. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth the rights, obligations and liabilities that exist between the parties in connection with Mr. Hudson's workplace injury and the Judgment.

36. Declaratory relief also is the most efficient method for the resolution of the disputes still remaining among the parties.

Wherefore, Plaintiff respectfully requests that the Court declare that Mr. Hudson must obtain an order or declaration of a Court that amounts sought from Star or JRS are within the scope of his workers' compensation settlement, and specifically that Star has had the opportunity to exercise its authority and control as provided for in the Settlement and Judgment, before Mr. Hudson may take any steps whatsoever to pursue execution on the Judgment Lien or Deed of Trust; that the Court award Plaintiff its attorneys' fees, costs and expenses incurred herein and such other and further monetary relief just and proper under the circumstances to the maximum extent allowed by law; and that the Court award Plaintiff such other and further non-monetary relief as the Court deems just and proper under the circumstances.

## COUNT II – MANDATORY INJUNCTION

37. Plaintiff incorporates the preceding paragraphs.

38. To the extent the relief requested above is not proper pursuant to R.S.Mo. §536.050 or 28 U.S.C. §2201, Plaintiff respectfully requests the Court enter a mandatory injunction consistent with the relief sought in Count I.

Respectfully submitted this 5th day of August, 2022.

Armstrong Teasdale LLP

 */s/ Patrick Kenny*
Patrick J. Kenny			#38032
700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
314.621.5070
314.621.5065(Facsimile)
pkenny@atllp.com


Lauren Haley Navarro		#68111
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (Facsimile)
lnavarro@atllp.com

ATTORNEYS FOR PLAINTIFF STAR INSURANCE COMPANY